[No. 31050. Department Two. September 1, 1949.]

*In the Matter of the Application for a Writ of Habeas Corpus
of* BELMONT SORENSON, *Petitioner,* v. TOM SMITH, *as
Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 209 P. (2d) 479.

SIMPSON, C. J., dissents.

*Belmont Sorenson, pro se.*

*The Attorney General* and *C. John Newlands, Assistant,* for respondent.

SCHWELLENBACH, J.—Belmont Sorenson filed an original petition in this court for a writ of *habeas corpus*, alleging that he was restrained of his liberty in the state penitentiary under and by color of a purported judgment, sentence, and commitment, issued out of the superior court for Pierce county, which judgment and sentence was void and of no legal effect. The chief justice thereupon ordered respondent to show cause why the petition should not be granted. In response to the show cause order, respondent demurred to the petition on the ground that the petition did not state any grounds to cause the writ to issue. Attached to the demurrer were certified copies of the information, and judgment and sentence.

The judgment and sentence recited, among other things:

". . . said Defendant Belmont Sorenson being brought to the bar of the court for arraignment, charged with the

crime of Larceny by Check committed on or about the 15th day of October, 1943; the information having been read to the defendant by the Prosecuting Attorney, . . . and the court then being advised by the Defendant that he understood the nature of the proceedings and was willing and ready to enter his plea, said Defendant was then arraigned and entered his plea of guilty of the offense charged in the information. . . . That whereas the said Defendant has regularly entered a plea of guilty in this court of the crime of Larceny by Check it is thereupon, now here, ORDERED, ADJUDGED AND DECREED that the said Defendant Belmont Sorenson, is guilty of the crime of Larceny by Check, and that he be punished therefor by confinement at hard labor in the Penitentiary of the State of Washington for the indeterminate term of not more than fifteen years . . ."

■ Although we are not permitted in *habeas corpus* proceedings to examine the information where the judgment is regular on its face (*In re Grieve*, 22 Wn. (2d) 902, 158 P. (2d) 73), still, when it is impossible to ascertain from the judgment the precise charge on which the petitioner was sentenced, it is permissible for us to examine the judgment in connection with the record in which it is entered. *In re Clark*, 24 Wn. (2d) 105, 163 P. (2d) 577. This is particularly so when not only the judgment but also the information is made a part of the return to the show cause order, as was done in this case.

The judgment recited that the petitioner was guilty of the crime of "Larceny by Check." There is no statute designating "Larceny by Check" a crime, and we therefore find it necessary to examine the information in order to ascertain what the charge actually was.

The information charged the defendant with the crime of "Larceny by Check" in that he did, on or about the 15th day of October, 1943,

". . . with intent to deprive and defraud the owner thereof, obtain from the owner, to-wit: Boyle's Pharmacy, possession of and title to personal property, by color and aid of a check drawn on the Puget Sound National Bank of Tacoma, Washington, dated October 15, 1943, for the amount of $33.40, signed by the said Belmont Sorenson, knowing at

the time of making, drawing, and delivering said check that he, the said Belmont Sorenson, was not authorized or entitled to make or draw the same because at the time he had no account nor credit in said bank."

Rem. Rev. Stat., § 2601 [P.P.C. § 117-47], defines "larceny":

"Every person who, with intent to deprive or defraud the owner thereof—

"(1) Shall take, lead or drive away the property of another; or

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling;   . . .

"Steals such property and shall be guilty of larceny."

Rem. Rev. Stat., § 2605 [P.P.C. § 117-55], provides the penalty therefor:

"Every person who shall steal or unlawfully obtain, appropriate, bring into this state, buy, sell, receive, conceal, or withhold in any manner specified in section 2601—

. . .

"(5) Property of the value of more than twenty-five dollars, in any manner whatever,

"Shall be guilty of grand larceny and be punished by imprisonment in the state penitentiary for not more than fifteen years.

"Every other larceny shall be petit larceny and shall be a gross misdemeanor."

In 1915 the legislature enacted Rem. Rev. Stat., § 2601-2 [P.P.C. § 116-41]:

"Any person who shall with intent to defraud make, or draw, or utter, or deliver to another person any check, or draft, on a bank or other depository for the payment of money, knowing at the time of such drawing, or delivery, that he has not sufficient funds in, or credit with said bank or depository, to meet said check, in full upon its presenta-

tion, shall be guilty of larceny. The word 'credit' as used herein shall be construed to mean an arrangement or understanding with the bank for the payment of such check or draft, and the uttering or delivery of such a check or draft to another person, without such fund or credit to meet the same shall be prima facie evidence of an intent to defraud."

The legislative history of this act shows that it was originally introduced as senate bill No. 107. It made the offense a felony and provided that upon conviction the person charged should be punished by imprisonment in the penitentiary for not more than five years nor less than one year, or imprisonment in the county jail for not more than one year. The Senate amended the bill to make the crime a gross misdemeanor. The House further amended it to make the crime larceny, and it was passed by both houses in its present form as chapter 156, Session Laws of 1915.

We therefore have Rem. Rev. Stat., § 2601-2, making it larceny for a person, who, with intent to defraud, shall make, draw, utter, or deliver to another a check or draft, knowing at such time that he has not sufficient funds in, or credit with, the bank or depository to meet the check in full upon its presentation. Nothing of value need be obtained. It is the making, uttering, or delivering the check, under the circumstances described in the act, which constitutes the crime. In discussing this statute in *State v. Bradley*, 190 Wash. 538, 69 P. (2d) 819, we said:

"Common business experience tells us that the evils sought to be prevented by the statute were serious in their nature and of frequent occurrence. It is equally evident that the statute is a strict one, and that the gist of the offense lies in the intent to defraud and the knowledge of the worthlessness of the check."

When we examine the penalty statute (Rem. Rev. Stat., § 2605), we find that the crime described in Rem. Rev. Stat., § 2601-2 cannot possibly be grand larceny. It can only be petit larceny, and therefore a gross misdemeanor.

Looking now to Rem. Rev. Stat., § 2601 (2), we find that every person who, with intent to defraud, shall obtain possession of property by color or aid of any check or draft,

knowing that the maker or drawer of such check was not authorized or entitled to make or draw the same, steals such property and is guilty of larceny. If the property so obtained is of the value of more than twenty-five dollars, the crime is grand larceny, and a felony. If it is of the value of twenty-five dollars or less, it is petit larceny and a gross misdemeanor. A gross misdemeanor is punishable by imprisonment in the county jail for not more than one year, or by a fine of not more than $1,000, or by both. Rem. Rev. Stat., § 2267 [P.P.C. § 112-29].

When we examine the information, it is clear that there was no intention to charge a violation of § 2601-2. The charge was under § 2601(2), a part of the general larceny statute. Did the information charge grand, or petit, larceny? It charged that the accused did, with intent to defraud, obtain from Boyle's Pharmacy, possession of and title to personal property, by color and aid of a check for the amount of $33.40, knowing at the time that he was not authorized or entitled to make or draw the same. That is the charge to which the petitioner pleaded guilty, and on which he was sentenced. At no place in the information is the value of the property obtained, alleged.

It may be argued that petitioner must, of necessity, have obtained property of the value of $33.40, because that was the amount of the check. But it was not so alleged; and criminal statutes, especially those inflicting a penalty of imprisonment in the penitentiary, must be strictly construed. Since the value of the property obtained was not alleged, the crime could not, therefore, have constituted grand larceny and must have constituted petit larceny, a gross misdemeanor.

From an examination of the judgment and sentence, and in connection with the record of the cause in which it was entered, it is apparent that petitioner is being held in the penitentiary under a judgment and sentence for grand larceny, after pleading guilty to a charge of petit larceny. While the trial court unquestionably had jurisdiction of the subject matter and of the person of the petitioner, it had no

authority to enter the particular judgment and sentence in question. The petitioner pleaded guilty to a gross misdemeanor but was sentenced as for a felony. Such a sentence is void. Thus, his status is that of a convicted criminal who has not been properly sentenced. This entitles him to be released from the particular custody in which he is now held, but he is not entitled to go free.

Under such circumstances, we must follow the procedure prescribed in the cases of *In re Towne*, 14 Wn. (2d) 633, 129 P. (2d) 230, and *In re Horner*, 19 Wn. (2d) 51, 141 P. (2d) 151.

■ Accordingly, upon the authority of these cases and of Rem. Rev. Stat., § 1083 [P.P.C. § 58-39], we now order and direct the superintendent of the state penitentiary, respondent herein, to deliver the petitioner into the custody of the sheriff of Pierce county, for resentence by the superior court of that county. If, at the expiration of ten days from the time of his delivery into the custody of the sheriff, the petitioner shall not have been resentenced, he shall have the right to apply to this court for final judgment upon his petition herein.

ROBINSON, JEFFERS, and GRADY, JJ., concur.

SIMPSON, C. J. (dissenting)—I cannot agree. Petitioner should be allowed to plead again. A plea of guilty of a gross misdemeanor cannot be the basis for a sentence for a felony.