[No. 30908. *En Banc.* October 10, 1949.]

*In the Matter of the Application for a Writ of Habeas Corpus of* LEONARD B. JEANE, *Respondent,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Appellant.*[1]

*The Attorney General, C. John Newlands* and *John D. Blankinship, Assistants,* for appellant.

*George N. Apostol,* for respondent.

MALLERY, J.—This case presents a single question of law: What is the statutory penalty for violating Rem. Rev. Stat., § 2601-2 [P.P.C. § 116-41], which reads as follows:

"Any person who shall with intent to defraud *make,* or *draw,* or *utter,* or *deliver* to another person any check, or

[1]Reported in 210 P. (2d) 127.

draft, on a bank or other depository for the payment of money, knowing at the time of such drawing, or delivery, that he has not sufficient funds in, or credit with said bank or depository, to meet said check, in full upon its presentation, *shall be guilty of larceny.* . . ." (Italics ours.)

This statute, chapter 156, p. 460, Laws of 1915, does not refer to the pre-existing larceny statute, chapter 249, p. 997, Laws of 1909 (Rem. Rev. Stat., § 2601 [P.P.C. § 117-47]), which reads:

"Every person who, with intent to deprive or defraud the owner thereof —

"(1) Shall take, lead or drive away the property of another; or

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; or

"(3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; or

"(4) Having received any property by reason of a mistake, shall with knowledge of such mistake secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; and

"(5) Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this act —

"Steals such property and shall be guilty of larceny." [L. '15, p. 493, § 3. Cf. L. '09, p. 997, § 349.]

■ Rem. Rev. Stat., § 2601-2, defines a new crime of which we said in *State v. Bradley*, 190 Wash. 538, 69 P. (2d) 819:

" . . . the gist of the statutory offense here in question being in drawing or delivering, with fraudulent intent, a check, knowing that no funds are on deposit to pay the same. *The statute contains no provision to the effect that any property must be procured* on or for the check. Such an offense is covered by another section of the criminal code." (Italics ours.)

In this it differs from the forms of larceny defined in Rem. Rev. Stat., § 2601, all of which require that something be procured.

Since the quoted statutes do not fix the penalties for or classify as felonies or misdemeanors the crimes they define, one must refer to Rem. Rev. Stat., § 2605 [P.P.C. § 117-55], to determine what the classifications and penalties are:

"2605. Grand Larceny—Penalty. Every person who shall steal or unlawfully obtain, appropriate, bring into this state, buy, sell, receive, conceal, or withhold *in any manner specified in section 2601*—

" (1) Property of any value by taking the same from the person of another or from the body of a corpse; or

" (2) Property of any value by taking the same from any building that is on fire or by taking the same after it has been removed from a building in consequence of an alarm of fire; or

" (3) A record of a court or officer, or a writing, instrument or record kept, filed or deposited according to law with or in the keeping of any public officer or officers; or

" (4) From any range or pasture, any horse, mare, gelding, foal or filly, ass or mule, one or more head of neat cattle or any sheep; or

" (5) Property of the value of more than twenty-five dollars, *in any manner whatever*,

"Shall be guilty of *grand larceny* and be punished by imprisonment in the state penitentiary for not more than fifteen years.

"Every other larceny shall be petit larceny and shall be a gross misdemeanor." (Italics ours.)

■ Subsections one to five inclusive refer to larcenies defined in Rem. Rev. Stat., § 2601. No reference is made to Rem. Rev. Stat., § 2601-2. Any larceny to which these subsections apply is grand larceny; every other larceny is a gross misdemeanor. We think this is unambiguous. The larceny defined in Rem. Rev. Stat., § 2601-2, necessarily falls in this latter classification.

It is contended that one charged under Rem. Rev. Stat., § 2601-2, is guilty of grand larceny when the evidence shows he procured something worth more than twenty-five dollars because of the language in Rem. Rev. Stat., § 2605 (5): "property of the value of more than twenty-five dollars, *in any manner whatever*." (Italics ours.)

This, however, conflicts with the rule of law that a penal statute fixes penalties according to the class of the crime charged, rather than the evidence adduced in proof of it in a particular case. No proof of value *need* be adduced in support of a charge under Rem. Rev. Stat., § 2601-2, since the procurement of something of value is not a necessary ingredient of the crime. In cases where such evidence is introduced, it does not change the classification or penalty of the crime charged.

■ The answer to our question is that the penalty for violating Rem. Rev. Stat., § 2601-2, is found by reference to Rem. Rev. Stat., § 2605 (5), and thence to Rem. Rev. Stat., § 2267 [P.P.C. § 112-29], which provides punishments for gross misdemeanors not otherwise fixed by statute. It is "imprisonment in the county jail for not more than one year, or a fine of not more than one thousand dollars, or both."

The petitioner was charged under Rem. Rev. Stat., § 2601-2. He was sentenced as for grand larceny, which is a felony. He had a right to be sentenced as for a gross misdemeanor. This appears on the face of the judgment and sentence, which are therefore void. The lower court was correct in so finding.

The judgment is affirmed.

ALL CONCUR.