[No. 31241. December 5, 1949.]

*In the Matter of the Application for a Writ of Habeas Corpus of* ERNEST F. LUTES, *Petitioner, v.* JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Ernest F. Lutes, pro se.*

*The Attorney General* and *John D. Blankinship, Assistant,* for respondent.

PER CURIAM.—Petitioner, who is an inmate of the Washington state penitentiary, applies for a writ of *habeas corpus,* and, in so doing, bases his claim of right to the writ upon the fact that he was sentenced to serve a term of not more than fifteen years in the state penitentiary upon his plea of guilty to the charge of issuing a check on a bank, knowing that he did not have sufficient funds therein for its payment.

The record discloses that the claim of the petitioner is true, and, further, that the information did not charge him with having obtained any money or other consideration because he issued the check.

The conclusion reached by this court in the cases of *In re Sorenson v. Smith,* 34 Wn. (2d) 659, 209 P. (2d) 479, and *In re Jeane v. Smith,* 34 Wn. (2d) 826, 210 P. (2d) 127, governs the disposition of the case at bar in that the charge was, in fact, based upon Rem. Rev. Stat., § 2601-2 [P.P.C. § 116-41], which provides the penalty as for a gross misdemeanor.

We hold that the sentence to the penitentiary was void.

The writ will issue, with instructions that petitioner be returned to the superior court for King county, there to be dealt with as provided by law.

[1]Reported in 211 P. (2d) 1005.