[No. 31242. Department Two. December 10, 1949.]

*In the Matter of the Application for a Writ of Habeas Corpus of* Leo Moon, *Petitioner,* v. John R. Cranor, *as Warden of the State Penitentiary, Respondent.*[1]

Leo Moon, pro se.

*The Attorney General* and *John D. Blankinship, Assistant,* for respondent.

MALLERY, J.—This case comes to us as a petition for a writ of *habeas corpus* by an inmate of the state penitentiary.

December 13, 1948, petitioner was charged in Walla Walla county with grand larceny by check. Under the heading "Statement of the case," petitioner concisely sets out his version of the facts:

"Petitioner, realizing the said charge was a misdemeanor, refused the court's offer to appoint counsel and placed himself at the mercy of the court by pleading guilty, hoping some mitigation of the sentence would be forthcoming from his pleading guilty.

"The Court read the charge to defendant as Grand Larceny by Check and defendant pleaded guilty and was then and there sentenced to the Washington State Penitentiary,

[1] Reported in 212 P. (2d) 775.

arriving there the same day as sentenced, December 18, 1948. On receiving his copy of the Judgment and Sentence, petitioner found the charge had been changed to read plain GRAND LARCENY, a crime carrying a much stiffer penalty than the one he had been convicted of committing."

■ When it is alleged that a defendant has been charged with one crime and sentenced for another, we examine the information, notwithstanding the regularity of the judgment and sentence on its face. *In re Sorenson v. Smith,* 34 Wn. (2d) 659, 209 P. (2d) 479. We do this only to ascertain what crime is charged, not to question its sufficiency. As was said in *In re Boggie,* 24 Wn. (2d) 102, 163 P. (2d) 575: "The sufficiency of the information may not be challenged by *habeas corpus.*"

We set out the charging part of the information, which reads as follows:

"That the said Leo H. Moon in the county of Walla Walla, State of Washington, on or about the 8th day of December 1948, being then and there did wilfully, unlawfully and feloniously obtain from the New York Store merchandise in the sum of $34.00 in lawful money of the United States, the property of the New York Store, with intent to deprive the owner thereof, and he, the said Leo H. Moon then and there knowing that the drawer of said check was not authorized or entitled to draw the same, . . ."

The petitioner contends that the information was brought under Rem. Rev. Stat., § 2601-2 [P.P.C. § 116-41], because in the language of the information he was charged with "Grand larceny by check." This he contends charges him with uttering a check knowing he had insufficient funds, *not* with receiving anything of value *for* the check. If this contention were sound, it would follow that petitioner should have been sentenced for a gross misdemeanor, not a felony. *In re Jeane v. Smith,* 34 Wn. (2d) 826, 210 P. (2d) 127. However as was said in *In re Sorenson:* "There is no statute designating 'Larceny by check' a crime."

■ While the word *value* would be preferable to the word "sum," as used in the information, nevertheless, and irrespective of any suggested insufficiency in the wording,

we hold that the information charged petitioner with obtaining merchandise of the value of thirty-four dollars, and therefore that it charges the crime defined by Rem. Rev. Stat., § 2601 (2) [P.P.C. § 117-47 (2)], which is punishable as a felony according to Rem. Rev. Stat., § 2605 [P.P.C. § 117-55].

This information does not fall within the purview of the *Sorenson* case, which held that an information under Rem. Rev. Stat., § 2601 (2), which did not allege the value of the goods obtained charged a gross misdemeanor. The *Sorenson* and *Jeane* cases, considered together, hold that (A) larceny informations (1) omitting the allegation that goods were obtained by aid of a bad check, or (2) omitting any allegation as to the value of the goods so obtained, or (B) larceny informations alleging that the value of the goods so obtained was twenty-five dollars or under, charge the defendant with a gross misdemeanor, but that (C) larceny informations alleging that goods worth more than twenty-five dollars were obtained by aid of a bad check, charge the defendant under Rem. Rev. Stat., § 2601 (2), which is punishable as a felony according to Rem. Rev. Stat., § 2605.

The petition is denied.

SIMPSON, C. J., ROBINSON, GRADY, and HAMLEY, JJ., concur.