[No. 31254. December 31, 1949.]

*In the Matter of the Application for a Writ of Habeas Corpus of* CHRISTOPHER GEORGE CAMPBELL, *Petitioner,* v. JOHN R. CRANOR,
*as Warden of the State Penitentiary, Respondent.*[2]

*Christopher George Campbell, pro se.*

*The Attorney General* and *John Blankinship, Assistant,* for respondent.

PER CURIAM.—The petitioner, an inmate of the Washington state penitentiary, applied for a writ of *habeas corpus.* He based his claim of right to the writ upon the fact that he was sentenced to serve a term of not more than fifteen years in the reformatory at Monroe, upon his plea of

[1]Reported in 212 P. (2d) 776.

[2]Reported in 212 P. (2d) 1019.

guilty to a charge of issuing a check on a bank, knowing that he did not have sufficient funds therein for its payment. We are not advised concerning the reason for his imprisonment in the state penitentiary, but presume that he was transferred there by the board of prison terms and paroles.

The record discloses that the claim of petitioner relative to the charge and sentence is true, and, further, that the information did not charge him with having obtained money or other consideration because of the issuance of the check. The conclusion reached by this court in the cases of *In re Sorenson v. Smith,* 34 Wn. (2d) 659, 209 P. (2d) 479, and *In re Jeane v. Smith,* 34 Wn. (2d) 826, 210 P. (2d) 127, governs the disposition of the case at bar. In those cases, as here, the charge was based upon Rem. Rev. Stat., § 2601-2 [P.P.C. § 116-41], which provides the penalty as for a gross misdemeanor.

We hold that the sentence to the reformatory was void, and instruct that the petitioner be returned to the superior court for Chelan county, there to be dealt with as provided by law.