[No. 31760. Department One. July 12, 1951.]

*In the Matter of the Application for a Writ of Habeas Corpus
of* LEWIS B. MOONEY, *Petitioner, v.* JOHN R. CRANOR,
*As Warden of the State Penitentiary,
Respondent.*[1]

*Lewis B. Mooney, pro se.*

*The Attorney General* and *Jennings P. Felix, Assistant,*
for respondent.

DONWORTH, J.—Lewis B. Mooney filed in this court his
petition for a writ of *habeas corpus* alleging that he is con-
fined in the state penitentiary under a warrant of commit-
ment issued pursuant to a judgment and sentence of the
superior court for Clark county finding him guilty of the
crime of grand larceny. He alleged that the judgment is
void because the information to which he pleaded guilty
failed to allege the value of the property which he was
charged with unlawfully obtaining. Therefore, he con-
tends that the information charged him with petit larceny

[1] Reported in 233 P. (2d) 850.

(which is a gross misdemeanor), whereas petitioner was sentenced for grand larceny (which is a felony).

While respondent's answer denies the allegations of the petition except as they are admitted in the affirmative defense, respondent has attached thereto certified copies of the information, judgment and sentence, warrant of commitment and minute entries on petitioner's arraignment and plea. These documents are sufficient to present the questions of law involved in this proceeding, there being no issue of fact to be decided.

The charging portion of the information reads as follows:

"That he, the said Lewis B. Mooney, did, in the County of Clark, State of Washington, on or about the 11th day of October, 1948, with intent to deprive and defraud the owner thereof, unlawfully and feloniously obtain from the owner, to-wit, Lineham Motor Company, the possession of certain property, to-wit, a 1942 Studebaker Sedan, Washington License No. SA-114, by color and aid of a check, knowing that the maker of such check was not authorized or entitled to make the same, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Washington."

Upon arraignment, petitioner was handed a copy of the information, waived his right to counsel, and pleaded guilty. The court entered its judgment and sentence whereby petitioner was adjudged guilty of grand larceny and sentenced to imprisonment in the state reformatory for a maximum term of fifteen years. It does not appear from the record why petitioner is now imprisoned in the state penitentiary instead of the reformatory, but that is not material since respondent asserts that he is detaining petitioner under the warrant of commitment above mentioned.

It is the rule that in *habeas corpus* proceedings we will not examine the information where the judgment and sentence is regular on its face. *In re Grieve*, 22 Wn. (2d) 902, 158 P. (2d) 73; *Voigt v. Mahoney*, 10 Wn. (2d) 157, 116 P. (2d) 300. However, we held in *In re Moon v. Cranor*, 35 Wn. (2d) 230, 212 P. (2d) 775, that under the circumstances of that case we would examine the information only to ascertain what crime was charged. We said in that case:

"When it is alleged that a defendant has been charged with one crime and sentenced for another, we examine the information, notwithstanding the regularity of the judgment and sentence on its face. *In re Sorenson v. Smith,* 34 Wn. (2d) 659, 209 P. (2d) 479. We do this only to ascertain what crime is charged, not to question its sufficiency."

In examining the information hereinbefore quoted for the purpose indicated in the *Moon* case, we must consider the statutory provisions relating to larceny.

Rem. Rev. Stat., § 2601 [P.P.C. § 117-47], designates the commission of certain acts as larceny. Rem. Rev. Stat., § 2601 (2), together with the general language of Rem. Rev. Stat., § 2601, provides:

"Every person who, with intent to deprive or defraud the owner thereof — . . .

"(2) shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, . . .

"Steals such property and shall be guilty of larceny."

The pertinent part of Rem. Rev. Stat., § 2605 [P.P.C. § 117-55], provides as follows:

"Every person who shall steal or unlawfully obtain, appropriate, bring into this state, buy, sell, receive, conceal, or withhold in any manner specified in section 2601 — . . .

"(5) Property of the value of more than twenty-five dollars, in any manner whatever,

"Shall be guilty of grand larceny and be punished by imprisonment in the state penitentiary for not more than fifteen years.

"Every other larceny shall be petit larceny and shall be a gross misdemeanor."

Petitioner relies on our recent decision in *In re Sorenson v. Smith,* 34 Wn. (2d) 659, 209 P. (2d) 479, where there was a plea of guilty to a charge of larceny by check. After deciding that the charge in that case was based upon § 2601 (2), quoted above, this court held that, since the information contained no allegation as to the value of the property unlawfully obtained, only a gross misdemeanor

884

was charged and not a felony. The following language of the decision upon this point is applicable here:

"Did the information charge grand, or petit, larceny? It charged that the accused did, with intent to defraud, obtain from Boyle's Pharmacy, possession of and title to personal property, by color and aid of a check for the amount of $33.40, knowing at the time that he was not authorized or entitled to make or draw the same. That is the charge to which the petitioner pleaded guilty, and on which he was sentenced. At no place in the information is the value of the property obtained, alleged.

"It may be argued that petitioner must, of necessity, have obtained property of the value of $33.40, because that was the amount of the check. But it was not so alleged; and criminal statutes, especially those inflicting a penalty of imprisonment in the penitentiary, must be strictly construed. Since the value of the property obtained was not alleged, the crime could not, therefore, have constituted grand larceny and must have constituted petit larceny, a gross misdemeanor.

"From an examination of the judgment and sentence, and in connection with the record of the cause in which it was entered, it is apparent that petitioner is being held in the penitentiary under a judgment and sentence for grand larceny, after pleading guilty to a charge of petit larceny. While the trial court unquestionably had jurisdiction of the subject matter and of the person of the petitioner, it had no authority to enter the particular judgment and sentence in question. The petitioner pleaded guilty to a gross misdemeanor but was sentenced as for a felony. Such a sentence is void. Thus, his status is that of a convicted criminal who has not been properly sentenced. This entitles him to be released from the particular custody in which he is now held, but he is not entitled to go free."

The holding in the cited case is decisive of the proceeding before us. Indeed, the information to which petitioner pleaded guilty did not even allege the amount for which the check was drawn. Even if this allegation had been supplied, the information would still not have sustained a judgment that petitioner was guilty of grand larceny.

The attorney general argues on behalf of respondent that petitioner could not have been misled by the failure to

allege the value of the property unlawfully obtained. It is further contended that

" . . . there is no possible manner in which this type car [a 1942 Studebaker Sedan] could be worth *less than* *$25.00*, even as junk, and of this fact, the petitioner, the prosecutor, the Court and myself are well aware."

For the reasons stated in the *Sorenson* case, *supra*, we are not persuaded by respondent's argument. We cannot take judicial notice of the value of a 1942 automobile in October, 1948. It was the duty of the prosecutor to allege in the information that the car had a value of twenty-five dollars or more, if he intended to charge petitioner with grand larceny. Having failed to do so, the judgment and sentence involved in this case must be held void.

Being of the opinion that petitioner is entitled to be released from the custody of respondent but that he should be returned to Clark county for resentencing, we now order and direct as follows:

1. The respondent shall forthwith deliver the petitioner into the custody of the sheriff of Clark county for resentence by the superior court of that county in a manner consistent with the views expressed herein.

2. If, at the expiration of ten days from the time of his delivery into the custody of the sheriff, the petitioner shall not have been resentenced, he shall have the right to apply to this court for final judgment upon his petition herein.

SCHWELLENBACH, C. J., BEALS, HILL, and FINLEY, JJ., concur.