[No. 32271. Department Two. November 20, 1952.]

*In the Matter of the Application for a Writ of Habeas Corpus of* GLADYS HARMON, *Petitioner*, v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Gladys Harmon, pro se.*

*The Attorney General* and *Rudolph Naccarato, Assistant,* for respondent.

PER CURIAM.—Petitioner seeks a writ of *habeas corpus* from this court upon the ground that she was sentenced for the felony of grand larceny, when the offense with which she was charged is only a misdemeanor.

In *habeas corpus* proceedings, when it is alleged that petitioner is charged with one crime and sentenced for another, and when the judgment and sentence is regular on its face, as it is in this case, we will examine the information only to ascertain what crime is charged, and not to

[1] Reported in 250 P. (2d) 236.

question its sufficiency. *In re Mooney v. Cranor*, 38 Wn. (2d) 881, 882, 233 P. (2d) 850 (1951), and cases cited.

The information filed against petitioner, December 18, 1951, in King county, alleges:

"She, the said GLADYS HARMON, in the County of King, State of Washington, within three years last past, with intent to deprive and defraud the owner thereof, willfully, unlawfully and feloniously did obtain from the State of Washington, Department of Social Security, Aid for Dependent Children Division, by and through the King County Welfare Department, certain personal property, to-wit: lawful money of the United States of a value in excess of $25.00, to-wit: $6,067.00, the property of the said State of Washington, Department of Social Security, Aid for Dependent Children Division, King County Welfare Department, by means of false and fraudulent representations; and the said ANDREW CLIFFORD HARMON did counsel, encourage, advise, aid and abet the said GLADYS HARMON in obtaining the said personal property . . ."

She and her husband were tried jointly on this charge. Each was found guilty by a jury, and sentenced, March 12, 1952, to a term of not more than fifteen years in the state penitentiary at Walla Walla, where petitioner is now confined.

The information charges the crime of grand larceny, under the statute defining that crime. RCW 9.54.010 [*cf.* Rem. Rev. Stat., § 2601]. It does not charge that a crime was committed by falsely and fraudulently applying for and receiving an assistance grant from the state of Washington, as was done in the information specifying that old age assistance was fraudulently applied for and received in *State v. Becker*, 39 Wn. (2d) 94, 234 P. (2d) 897 (1951). In that case, it was held that the statute defining the crime charged and making it a misdemeanor (Rem. Rev. Stat. (Sup.), § 9998-20, passed in 1935) was not repealed by the senior citizens grants act (Laws of 1941, chapter 1, p. 3, Rem. Supp. 1941, § 9998-34 *et seq.*), and that, because Rem. Rev. Stat. (Sup.), § 9998-20, created an exception to the general larceny statute, there was no statutory basis to support a charge of grand larceny, by false representation,

for obtaining such assistance. It was held that the information in that case charged the defendant with the commission of a special crime which was a misdemeanor.

Chapter 17, § 1, p. 72, Laws of 1951, 2nd Ex. Ses., RCW 74.08.330, defining a crime similar to that with which petitioner is charged, designated as fraud in the procurement of assistance, and specifying that its violation shall be larceny, is not material in this case. Petitioner is not charged in the language of that statute.

In the case at bar, the funds involved are those for aid to dependent children. Such aid was first established by Laws of 1937, chapter 114, p. 452. This act specifically repealed Rem. Rev. Stat., § 9997, providing a penalty for violation of the previous mothers' pension act.

Since 1937, there has been no provision in the law for special punishment for obtaining aid for dependent children by false representation. The commission of such an offense is a violation of the general larceny statute cited above, and the information in this case charged the petitioner with a felony in the language of that statute. She was sentenced for the proper term, upon her conviction on that charge. RCW 9.54.090 [cf. Rem. Rev. Stat., § 2605].

The writ is denied.