[No. 34754. Department Two. August 21, 1958.]

*In the Matter of the Application for a Writ of Habeas Corpus of* LEO A. PERSINGER, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Leo A. Persinger, pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

HILL, C. J.—This is an application by Leo A. Persinger for a writ of *habeas corpus.*

The judgment and sentence, dated April 28, 1953, recites that he was charged with the crime of grand larceny; that he entered a plea of guilty to that crime. It is there ordered, adjudged and decreed that he is guilty of that crime. The sentence was to the Washington state reformatory "for the period of not more than Fifteen years." The judgment and sentence is regular on its face. The commitment recites a conviction of the crime of grand larceny and is likewise regular on its face. The petitioner was subsequently transferred, as is permissible, from the reformatory to the penitentiary.

The petitioner urges that an examination of the information would disclose that although it labels the offense charged grand larceny, the facts, as set forth in that informa-

tion constitute only petit larceny. If that be so, he is serving a fifteen-year sentence in the state penitentiary for a gross misdemeanor, which carries a penalty of not to exceed one year in the county jail (and a fine of $1,000).

Our answer to the petition prior to 1949 would have been a peremptory denial of the writ, because the rule has been that, absent constitutional issues, we would not go behind a judgment regular on its face and a commitment based thereon.

As recently as 1945, in *In re Grieve*, 22 Wn. (2d) 902, 158 P. (2d) 73, we expressed our adherence to that rule in a carefully considered opinion in which we quoted at length from the opinion by Marshall, Ch. J., in *Ex parte Watkins* (1830), 28 U. S. (3 Pet.) 193, 7 L. Ed. 650; from our own territorial supreme court and from many of our own opinions. The conclusion reached was well summed up in the following quotation from *Voigt v. Mahoney* (1941), 10 Wn. (2d) 157, 116 P. (2d) 300:

" . . . a judgment by a court of competent jurisdiction, valid on its face, and a valid commitment thereunder, constitute an unanswerable return to a writ of *habeas corpus*. . . ."

The petitioner relies on *In re Sorenson v. Smith* (1949), 34 Wn. (2d) 659, 209 P. (2d) 479, as authority for our going behind the judgment and examining the information. The *Sorenson* case, as we shall see, is decisive if we examine the information, but it is not authority for the proposition that we should go behind the judgment and examine the information; in fact, it expressly approved the rule announced in *In re Grieve, supra*, and justifies an examination of the information only "when it is impossible to ascertain from the judgment the precise charge on which the petitioner was sentenced." *In re Ashley v. Delmore* (1956), 49 Wn. (2d) 1, 297 P. (2d) 958; *In re Palmer v. Cranor* (1954), 45 Wn. (2d) 278, 273 P. (2d) 985; and *In re Jeane v. Smith* (1949), 34 Wn. (2d) 826, 210 P. (2d) 127.

These cases are of no assistance to the present petitioner, because there is nothing ambiguous, uncertain, or doubtful in the judgment concerning the offense for which the peti-

tioner was sentenced; it was grand larceny. There are, however, two cases which support the position of the petitioner: *In re Moon v. Cranor* (1949), 35 Wn. (2d) 230, 212 P. (2d) 775, and *In re Mooney v. Cranor* (1951), 38 Wn. (2d) 881, 233 P. (2d) 850.

In both of these cases, we examined the information because the petitioner had alleged that he was charged with one offense and sentenced for another. This is, we recognize, an extension of the holding in the *Sorenson* case to an entirely different type of case, but we are satisfied that it is a desirable and proper extension. We adhere to the rule announced in the *Moon* and *Mooney* cases, and which, in the latter case, resulted in the petitioner being released from the penitentiary because he had been charged with petit larceny and sentenced for grand larceny.

Under the authority of the *Moon* and *Mooney* cases, we have, in the present case, gone behind a judgment, regular on its face, and examined the information. We make clear, as we did in those cases, that we examine the information not to determine its sufficiency, but for the sole purpose of determining what crime was charged.

Upon an examination of the information in this case, we find that it charged the petitioner, Leo A. Persinger, with the crime of "Grand Larceny" in that he

". . . willfully, and with intent to defraud, did utter a check calling for the payment of $40.00, and did then and there present the same to Carl's Men's Wear of Pasco, Washington, and did receive money and merchandise therefor, knowing that he had neither sufficient funds in nor credit with said bank to pay said check upon presentation. . . ."

It is alleged in the petition, and supported by an affidavit from the man to whom the check was presented, that Persinger received neither money, merchandise, nor anything of value for the check referred to in the information. Nevertheless, he entered a plea of guilty to the charge of grand larceny, based on the presentation of the check, and was given a deferred sentence. The term of his probation was two and one-half years, and one of the conditions was

"That the Defendant make restitution on all the bad checks heretofore written by him, and which presently have been ascertained to be in the amount of 155.00. Such restitution shall be paid to the Clerk's Office at the rate of $25.00 per month commencing 1½ months after his release from the County Jail."

It would seem from the condition of restitution of $155 that if the petitioner received nothing of value on the check, which is the basis of the charge, he achieved a greater measure of success with other checks.

Persinger's probation was revoked April 28, 1953, and he was sentenced, on his plea of guilty to the charge of grand larceny, to not more than fifteen years in the Washington state reformatory at Monroe.

He seeks release on the theory that the offense described in the information does not constitute grand larceny, but only petit larceny; that the judgment and sentence based on the grand larceny charge must be set aside, and that he has already been in the reformatory and penitentiary for a longer period than he could have been required to serve on a conviction for petit larceny, a gross misdemeanor.

The petitioner relies on *In re Sorenson v. Smith, supra,* in which we held that facts set forth in the information constituted petit larceny, a gross misdemeanor, and that Sorenson had been, on his plea of guilty sentenced on the supposition that the information charged grand larceny. We there held that the penitentiary sentence was void, and that Sorenson was entitled to be released from the custody in which he was then held, but subject to resentence on his plea of guilty to an offense which did constitute larceny.

The *Sorenson* case is squarely in point on this phase of the case. The information there charged that (p. 661)

" '. . . with intent to deprive and defraud the owner thereof, obtain from the owner, to-wit: Boyle's Pharmacy, possession of and title to personal property, by color and aid of a check drawn on the Puget Sound National Bank of Tacoma, Washington, dated October 15, 1943, for the amount of $33.40, signed by the said Belmont Sorenson, knowing at the time of making, drawing, and delivering said check that he, the said Belmont Sorenson, was not authorized or en-

titled to make or draw the same because at the time he had no account nor credit in said bank.' "

■ We there analyzed the "bad check" statute (now RCW 9.54.050) and its legislative history. We pointed out that the making, uttering or delivering of the check under the circumstances described in the act constituted larceny, and that nothing of value need be obtained. The larceny charged under this section is petit larceny. *In re Jeane v. Smith, supra.*

■ If the value of the property obtained by a bad check is alleged in the information to be more than twenty-five dollars, the crime is grand larceny and a felony. RCW 9-.54.090 (5).

If a larceny does not come within one of the six numbered subdivisions of RCW 9.54.090, it "shall be petit larceny and shall be a gross misdemeanor." RCW 9.54.090.

In the *Sorenson* case, Judge Schwellenbach stated the issue to be,

" . . . Did the information charge grand, or petit, larceny? It charged that the accused did, with intent to defraud, obtain from Boyle's Pharmacy, possession of and title to personal property by color and aid of a check for the amount of $33.40, knowing at the time that he was not authorized or entitled to make or draw the same. That is the charge to which the petitioner pleaded guilty, and on which he was sentenced. At no place in the information is the value of the property obtained, alleged.

"It may be argued that petitioner must, of necessity, have obtained property of the value of $33.40, because that was the amount of the check. But it was not so alleged; and criminal statutes, especially those inflicting a penalty of imprisonment in the penitentiary, must be strictly construed. . . ."

The allegation as to the value of the property obtained in the *Sorenson* case was that the defendant obtained from Boyle's Pharmacy "possession of and title to personal property, by color and aid of a check for the amount of $33.40."

The allegation in the present case was that the defendant by uttering a check, calling for the payment of forty dollars, "did receive money and merchandise therefor."

No value was placed on the "personal property" in the *Sorenson* case, and no value was placed on the "money and merchandise" in the present case. We can only repeat what we said in the *Sorenson* case,

". . . Since the value of the property obtained was not alleged, the crime could not, therefore, have constituted grand larceny and must have constituted petit larceny, a gross misdemeanor."

The statement in the petition and in the supporting affidavit, that the petitioner received nothing for the forty dollar check, is immaterial and has nothing to do with our decision in this case. We are not concerned with the evidence to support the charge, but with the nature of the offense to which the petitioner entered a plea of guilty.

We do not look beyond the information, and it, as we have seen, states an offense which constitutes petit larceny, a gross misdemeanor. The "bad check" statute provides no penalty. The larceny statute prescribes no penalty for petit larceny, a gross misdemeanor. RCW 9.92.020, however, fixes the penalty for gross misdemeanors for which no other penalty is provided. By its terms the maximum sentence for a gross misdemeanor is "imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both."

The sentence to the penitentiary was voidable.

In the *Sorenson* case, we sent Sorenson back to the sentencing court for a resentence on the gross misdemeanor to which he had entered a plea of guilty. We followed the same procedure in the *Mooney* case.

The petitioner, Persinger, has been in the reformatory and penitentiary under the void sentence for a much longer period than the maximum which could have been imposed for the gross misdemeanor (even including the time required to serve out a thousand dollar fine—see RCW 10-.82.040). The attorney general, representing the respondent, concedes that the writ of *habeas corpus* should issue, and that Persinger should be discharged from custody forthwith. The prosecuting attorney of Franklin county was advised

of our intention to order the immediate release of Persinger, unless the prosecuting attorney voiced objection thereto, and he has indicated no objection to such a procedure.

IT IS, THEREFORE, DIRECTED that the writ of *habeas corpus* issue, and that the petitioner, Leo A. Persinger, be forthwith discharged from custody by the respondent.

FINLEY, WEAVER, ROSELLINI, and FOSTER, JJ., concur.

Six judges are of the opinion that the foregoing opinion should go into effect prior to thirty days after its filing, i.e., that it should go into effect at once.