■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALICE CRIMMINS, Appellant.—This case has been remitted to us by the Court of Appeals. Defendant had appealed to us from (1) a judgment of the Supreme Court, Queens County, rendered May 13, 1971, convicting her of murder in the first degree and manslaughter in the first degree, upon a jury verdict, and sentencing her to life imprisonment for murder and to a prison term of 5 to 20 years for manslaughter, the sentences to run concurrently; and (2) an order of the same court, dated July 28, 1972, which denied her motion for a new trial on the grounds of newly discovered evidence and improper conduct by the prosecutor in withholding from her information potentially helpful to her defense. We reversed the judgment as to the murder count,

on the law and the facts, and dismissed that count, on the law; reversed the judgment as to the manslaughter count and granted a new trial as to that count, on the law; and dismissed, as moot, the appeal from the order denying a new trial; the Court of Appeals affirmed our determination with respect to the murder conviction; reversed it with respect to the manslaughter conviction and remitted the case to us for determination of the facts as to that conviction in conformity with CPL 470.40 (subd. 2, par. [b]); and pointed out that with such remission defendant becomes entitled to consideration and disposition of her appeal from the order denying her motion for a new trial *(People v Crimmins,* 41 AD2d 933, affd in part and revd in part 36 NY2d 230). We now affirm the conviction of manslaughter in the first degree and the order denying the motion for a new trial. No opinion. Hopkins, Munder and Christ, JJ., concur; Rabin, Acting P. J., and Martuscello, J., dissent and vote to remand the case to the trial court for a plenary hearing on the motion for a new trial, with the following memorandum: The motion was denied summarily without a hearing. The trial court held as to the first ground urged that the affidavits relied on did not create a probability of a verdict more favorable to defendant. As to the second ground the trial court held that there was no showing that the convictions had been obtained by fraud or misrepresentation and that the prosecutor's conduct, even if improper, would not require a reversal, because the testimony offered was speculative, immaterial to the issue of defendant's guilt and inadmissible at trial, and that the prosecutor's failure to disclose the information did not violate defendant's constitutional rights. In our opinion the motion should not have been denied, without a hearing, on either of the two grounds urged. In light of the significance of the issues involved, the question whether the statements and the affidavits were truthful should have been determined at a hearing, where credibility could have been assessed on a more substantial basis than written statements and where a more complete record, with testimony, would allow both trial and appellate courts to more effectively weigh the impact such testimony might have had on the verdict. Only then could it be determined whether the evidence "is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10, subd 1, par [g]). If we were not voting to remand the case for a plenary hearing on the motion for a new trial, we would affirm the judgment with respect to the conviction of manslaughter in the first degree.