[No. 5216.    Decided December 30, 1904.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHNNY WASHING, *Appellant.*[1]

CRIMINAL LAW—CONFESSIONS—STATEMENTS MADE BEFORE COMMITTING MAGISTRATE—VOLUNTARY, ALTHOUGH ACCUSED NOT INFORMED OF HIS RIGHT TO REFUSE TO ANSWER. It is not error to receive, as a voluntary confession, evidence of statements made by an Indian before a committing magistrate, upon being charged with horse stealing, in answer to questions put by the magistrate, although he was not represented by counsel and was not informed of his right to refuse to answer, where, in

[1]Reported in 78 Pac. 1019.

answer to the question whether he stole the horse, he answered that he had not and volunteered, "I brand him," and other statements followed whereby he attempted to explain his acts, since enough appears to show, *prima facie*, that the statements were voluntary.

LARCENY—VALUE OF HORSE STOLEN—INSTRUCTIONS AS TO VALUE. It being unnecessary, under Bal. Code, § 7113, to allege the value of stolen cattle, if of any value, it is not error to refuse to instruct the jury with reference to the value of a stolen horse, when it appears without dispute that it was valuable.

Appeal from a judgment of the superior court for Kittitas county, A. L. Miller, J., entered December 11, 1903, upon a trial and conviction of the crime of horse stealing. Affirmed.

*H. Dustin,* for appellant, cited *People v. Mondon,* 103 N. Y. 211, 8 N. E. 496, 57 Am. Rep. 709; *Teachout v. People,* 41 N. Y. 9; *Crowder v. State,* 28 Tex. App. 51, 11 S. W. 835, 19 Am. St. 811; *Nolen v. State,* 14 Tex. App. 474, 46 Am. Rep. 247; *People v. Gastro,* 75 Mich. 127, 42 N. W. 937; *Young v. State,* 50 Ark. 501, 8 S. W. 828; *Ellis v. State,* 65 Miss. 44, 3 South. 188, 7 Am. St. 634.

*E. C. Ward* and *W. B. Presby,* for respondent, cited, *United States v. Stone,* 8 Fed. 232; *Beckham v. State,* 100 Ala. 15, 14 South. 859; 3 Am. & Eng. Ency. Law (1st ed.), 472; *People v. Ramirez,* 56 Cal. 533, 38 Am. Rep. 73; *People v. Abbott* (Cal.), 4 Pac. 769; *State v. Carpenter,* 32 Wash. 254, 73 Pac. 357; *Carroll v. State,* 23 Ala. 28, 58 Am. Dec. 282; *State v. Briggs,* 68 Iowa 416, 27 N. W. 358; *Wilson v. United States,* 162 U. S. 613, 16 Sup. Ct. 895.

MOUNT, J.—Appellant was convicted of the crime of horse stealing, under the provisions of § 7113, Bal. Code. Two principal errors are alleged on this appeal, viz: (1)

that the trial court erred in admitting in evidence certain statements of the appellant at the preliminary examination before the committing magistrate; and (2) that the court erred in refusing to instruct the jury that the horse stolen must be found to be of some value. The other errors alleged depend upon the two stated.

The appellant is an Indian, and speaks the English language in a broken manner. He and another Indian by the name of Tumwater were first charged jointly with the crime. Both were arrested and brought before a justice of the peace for a preliminary examination, and, being arraigned by the justice, who was sitting as a committing magistrate, the following proceedings were had, as shown by the record: The magistrate, addressing appellant, said:

" 'You are charged by this complaint with stealing and driving away a horse of M. P. Furhman. Now, what have you to say as to that?' The defendant not answering this question readily, the said justice of the peace said to him: 'Did you steal this colt?' (describing it to him). The defendant answered, 'I no steal him. I brand him.' And being further questioned by the said justice of the peace, said he did not know whose colt it was, but thought it belonged to a white man a long way off; said white man branded 'slick-ears' and he branded this colt; that the Indian Tumwater had nothing to do with it; that he first put Tumwater's brand on the colt, and then let it run about two weeks, and then put his own brand on it; that he kept the colt in a field for a time, and then turned it out on the range. Being questioned as to whether he drove the colt away, the defendant said that he did not drive the colt away; that the colt followed him from Harrison Ridge in Klickitat county to the reservation."

After the appellant had given this testimony, his co-defendant Tumwater was discharged, and appellant was bound over to appear for trial in the superior court of Kittitas county. At the preliminary hearing the appel-

lant was not attended by counsel, and was not informed
by the magistrate as to his right to answer or refuse to
answer questions propounded to him, or that such answers
or statements might be used against him on the trial in
the superior court.   When the trial took place in the su-
perior court, the prosecution was allowed to prove, by the
magistrate and other witnesses, the statement above set
out.   This is alleged as error.

Our statute, at § 6942, Bal. Code, provides that:

"The confession of a defendant made under inducement,
with all the circumstances, may be given as evidence
against him, except when made under the influence of fear
produced by threats; but a confession made under induce-
ment is not sufficient to warrant a conviction without cor-
roborating testimony."

The constitution provides, at § 9 of art. 1, that:

No person shall be compelled in any criminal case to
give evidence against himself."

There was corroborating evidence in the case to the effect,
that, upon the day the horse was stolen, the defendant and
other Indians passed the place where the horse was kept;
that shortly thereafter the horse was missed; that the horse
was found in appellant's possession on the reservation some
time thereafter and that appellant claimed to own the horse.
So that the question now is, were the statements of the ap-
pellant before the committing magistrate made volunta-
rily? No evidence was offered by the appellant at the trial.
He insists that the circumstances surrounding the prelimi-
nary examination, as shown by the prosecution, are suffi-
cient to show that the statements were made involuntarily,
and therefore should have been excluded.   There is noth-
ing in the record before us tending to show that the state-
ments of the appellant were involuntary, except the mere
fact that the appellant was before the magistrate upon pre-

liminary hearing, and was asked the question, "Did you
steal this colt?" Appellant was not required by the statute
to plead to the charge in this preliminary examination, but
it was his privilege to confess the charge if he desired to
do so. Evidently when the magistrate asked the question,
"Did you steal this colt?" he desired a direct answer, yes,
or no. Appellant answered, "I no steal him. I brand
him." The latter part of this answer was not responsive.
to the question asked, and no doubt led to the balance of
the statement. The record does not contain the questions
subsequently asked by the magistrate, but does contain the
substance of the statement of the appellant. If the appel-
lant had been informed of his rights to refuse to answer
questions tending to criminate him, or if he was aware of
those rights, it would be manifest that all the statements
made subsequent to the answer, "I no steal him" were vol-
untary. In the case of *Wilson v. United States,* 162 U. S.
613, 16 Sup. Ct. 895, a case in principle the same as the
one before us, the supreme court of the United States,
speaking to this question, say, at page 623:

"In short, the test of admissibility is that the confession
is made freely, voluntarily and without compulsion or in-
ducement of any sort. The same rule that the confession
must be voluntary is applied to cases where the accused has
been examined before a magistrate, in the course of which
examination the confession is made, as allowed and re-
stricted by statute in England and in this country in many
of the states. Gr. Ev. § 224. But it is held that there is
a well defined distinction between an examination when
the person testifies as a witness and when he is examined
as a party accused; *People v. Mondon,* 103 N. Y. 211;
*State v. Garvey,* 25 La. Ann. 191; and that where the ac-
cused is sworn, any confession he may make is deprived of
its voluntary character, though there is a contrariety of
opinion on this point. Gr. Ev. § 225; *State v. Gilman,* 51
Maine 215; *Commonwealth v. Clark,* 130 Penn. St. 641;

*People v. Kelley,* 47 California 125.   The fact that he is
in custody and manacled does not necessarily render his
statement involuntary, nor is that necessarily the effect of
popular excitement shortly preceding. *Sparf v. United
States,* 156 U. S. 51; *Pierce v. United States,* 160 U. S.
355; *State v. Gorham,* 67 Vermont 365; *State v. Ingram,*
16 Kansas 14.   And it is laid down that it is not essential
to the admissibility of a confession that it should appear
that the person was warned that what he said would be
used against him, but on the contrary, if the confession was
voluntary, it is sufficient though it appear that he was not
so warned.   Joy on Confessions, *45, *48, and cases cited.
In the case at bar defendant was not put under oath, and
made no objection to answering the questions propounded.
The commissioner testified that the statement was made
freely and voluntarily, and no evidence to the contrary
was adduced.   Nor did defendant when testifying on his
own behalf testify to the contrary.   He testified merely
that the commissioner examined him 'without giving him
the benefit of counsel or warning him of his right of being
represented by counsel, or in any way informing him of his
right to be thus represented.'   He did not testify that he
did not know that he had a right to refuse to answer the
questions, or that, if he had known it, he would not have
answered.   His answers were explanations, and he appeared
not to be unwilling to avail himself of that mode of avert-
ing suspicion.   It is true that, while he was not sworn, he
made the statement before a commissioner who was investi-
gating a charge against him, as he was informed; he was in
custody but not in irons; there had been threats of mobbing
him the night before the examination; he did not have the
aid of counsel; and he was not warned that he need not
answer.   These were matters which went to the weight or
credibility of what he said of an incriminating character,
but as he was not confessing guilt but the contrary, we
think that, under all the circumstances disclosed, they were
not of themselves sufficient to require his answers to be
excluded on the ground of being involuntary as matter of
law."

See, also, *State v. Carpenter,* 32 Wash. 254, 73 Pac. 357; *State v. Briggs,* 68 Iowa 416, 27 N. W. 358.

Usually the admissibility of evidence is a question for the court to decide as a matter of law. In this class of cases, when it appears to the court that the admissions or confessions are involuntary, they should be excluded.

"When there is a conflict of evidence as to whether the confession is or is not voluntary, if the court decides that it is admissible, the question may be left to the jury with direction that they should reject the confession if·upon the whole evidence they are satisfied it was not the voluntary act of the defendant." *Wilson v. United States, supra.*

We think there was enough in this case to show *prima facie* that the statements of the appellant were made voluntarily, and it was therefore not error to submit the evidence to the jury

Upon the question of the instruction, this court, in the case of *State v. Young,* 13 Wash. 584, 43 Pac. 881, held that an allegation of value, in an information filed under this statute, was an immaterial and unnecessary averment. We desire to adhere to the rule therein announced. It follows that it was unnecessary for the court to give any instruction in regard to the particular value of the horse. The evidence showed without dispute that the horse in question was valuable. That is all that was necessary.

There is no error in the record, and the ˙judgment is. therefore affirmed.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.