[No. 35160. *En Banc.* November 9, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. LUTHER W. HARVEY, *Appellant*.[1]

*John Moberg* and *Joe McAdams,* for appellant.

*Paul Klasen* and *J. O. Neal,* for respondent.

[1]Reported in 356 P. (2d) 726.

DONWORTH, J.—This is an appeal from judgments and sentences entered upon verdicts of a jury finding appellant guilty of negligent homicide by means of a motor vehicle and guilty of operating a motor vehicle in a reckless manner.

Count I of the amended information, which charges appellant with the crime of negligent homicide by means of a motor vehicle (RCW 46.56.040), reads as follows:

"That the said Luther W. Harvey in the County of Grant, State of Washington, on or about the 24th of December, 1958, then and there without lawful excuse or justification, wilfully unlawfully and feloniously did kill a human being, to-wit: Arthur T. Johansson, in the following manner, to-wit: That the said Luther W. Harvey, in the County of Grant, State of Washington, on or about the 24th day of December 1958, did then and there operate and drive a motor vehicle, to-wit: a 1950 Chevrolet, in a southerly direction over and along a public county road, known as the Stratford Road, in Grant County, State of Washington; and while being engaged in the discharge of his duties as such driver and operator of said motor vehicle wilfully and unlawfully did operate said motor vehicle while under the influence of and affected by intoxicating liquor, and wilfully and unlawfully did operate said motor vehicle in a reckless manner and with a wilful and wanton disregard for the safety of persons and property by then and there operating said vehicle over and along the pavement of the aforementioned Stratford Road with one or more of the wheels off the roadway thereof during the hours of darkness; and as a result of the aforementioned acts, the said Luther W. Harvey did drive said automobile into and against the body of Arthur T. Johansson, thereby mortally wounding Arthur T. Johansson; from which mortal wounds, Arthur T. Johansson languished and died on the 26th day of December, 1958; contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Washington."

Appellant was charged in count II with operating a motor vehicle while under the influence of, and affected by, intoxicating liquor (RCW 46.56.010), and in count III with operating a motor vehicle in a reckless manner (RCW 46-.56.020).

At the close of the state's case, appellant moved for dismissal of all three counts on the ground that the state had

failed to prove beyond a reasonable doubt the essential elements of the crimes charged. The motion was denied.

At the close of all of the evidence, the case was submitted to the jury which returned verdicts of guilty as to counts I and III. Appellant's motion for arrest of judgment or, in the alternative, for a new trial was denied. Thereafter, the trial court entered judgments and sentences upon the verdicts. This appeal followed.

Five assignments of error are presented.

 Appellant's first assignment of error is based upon the trial court's failure to give his requested instruction "B" which, among other things, would have instructed the jury that a finding that appellant was guilty of only ordinary negligence would not support a conviction of negligent homicide. It is argued that, without instruction "B," the jury could have found appellant guilty of the crime of negligent homicide if it found he was guilty of *ordinary* negligence. Appellant cites *State v. Partridge,* 47 Wn. (2d) 640, 289 P. (2d) 702 (1955), in support of his position.

In the *Partridge* case, *supra,* the trial court affirmatively instructed the jury that a finding of ordinary negligence would support a conviction of negligent homicide. We held that such an instruction was error, since ordinary negligence was insufficient to support a conviction of negligent homicide.

In the case at bar, no instruction was given which referred to ordinary negligence. The trial court instructed the jury in instruction No. 6 that they could not find appellant guilty of negligent homicide unless they found that he was driving while under the influence of, or affected by, intoxicating liquor, or driving in a reckless manner or with disregard for the safety of others. By instruction No. 5, the trial court defined "reckless manner" as "a heedless, or rash manner or in a manner indifferent to consequences."

Appellant has not assigned error to any of the instructions given by the trial court. A trial court is not required to give *negative* instructions as to those matters which will *not* support a conviction in a criminal case.

■ By way of assignments of error Nos. 2, 3, and 4, appellant contends the state produced no evidence that would support a conviction of negligent homicide. We think otherwise.

The facts surrounding the accident are as follows: The accident took place at a point approximately one mile north of the city limits of Moses Lake, Washington, at approximately 5:30 p. m. Charles Graham was riding his motorcycle south on Stratford Road with Arthur Johansson (the deceased) riding on the "buddy seat." Stratford Road has a blacktop surface and the shoulders are of gravel.

When the windbreak shield on Graham's helmet began to "fog up," he pulled his motorcycle off the road onto the shoulder in front of a service station and stopped from six to nine feet west of the westerly edge of the blacktop.

Appellant was driving south on Stratford Road in his 1950 Chevrolet, with his headlights on, proceeding at approximately twenty-five miles per hour in a thirty-five mile per hour speed zone. Appellant, who was a carpenter by trade, had been drinking that afternoon at a pre-Christmas gathering of his fellow workmen at their job site. The right front side of his car struck Johansson, who was standing somewhere to the rear and left of the motorcycle. Graham did not actually see the collision, as he was astraddle the motorcycle and facing southward at the time. Johansson died on December 26, 1958.

Appellant's position that the evidence is insufficient to support his conviction of the crime of negligent homicide is based largely upon the contention that it is a reasonable hypothesis that decedent unexpectedly jumped out in front of the car, and that the state failed to establish whether the collision took place on the traveled portion of the road or on the shoulder thereof.

The record does not support appellant's contention. Mr. Weese, who was driving north at the time of the accident and claimed to have witnessed it, testified that Johansson *appeared to attempt* to jump to *avoid* the collision. He did not testify that Johansson jumped out in front of the car.

Officer Schusster of the state patrol traced appellant's

car tracks along the shoulder of the road. He testified that appellant's car left the blacktop at a point two hundred and twenty-two feet before striking Johansson. William Boyes, who was in a car traveling approximately one eighth to one quarter of a mile behind appellant, testified that appellant appeared to swerve off the road at the point of collision. Johansson's riding companion, Graham, testified that he felt something brush against his leg at the time of the collision. It would seem that whatever brushed against his leg could have been only one of two things—Johansson's body, or appellant's car.

Officer Moore of the state patrol testified that tire tracks from the *left* wheels of appellant's car were four feet west of the traveled portion of the road, and that the motorcycle was nine feet west of the traveled portion of the road. Appellant points out that, since the car was between seventy-three and seventy-four inches wide, it would have been impossible for it to miss striking the motorcycle if the car's left wheels were four feet from the edge of the road.

Officer Moore's measurements were mere approximations which he made by stepping off the distance with his feet. He also testified that the distance between the tire marks of the right wheels of appellant's car and the motorcycle was approximately one foot and a half. Regardless of whether these measurements are accurate or not, they still support the conclusion that appellant's car was *some* distance off the traveled portion of the highway at the time it struck Johansson.

There was sufficient evidence which, if believed by the jury, would support the verdict in the case.

Appellant further contends that the trial court's oral instructions and its written instructions are inconsistent.

The inconsistency complained of evidently stems from a typographical error in the statement of facts. Regardless of how the inconsistency came about, it has been corrected by the trial court by a supplemental certificate of the statement of facts, setting forth the portion of instruction No.

2 which was read to the jury but was somehow omitted from the original statement of facts.

█ By assignment of error No. 5, appellant challenges the constitutionality of RCW 46.56.040, the negligent homicide statute. It is contended that the statute purports to authorize prosecuting officials to charge violations of the statute either as a misdemeanor or as a felony, in violation of Art. I, § 12, of the Washington State Constitution and the equal protection clause of the fourteenth amendment to the United States Constitution. *In re Olsen v. Delmore,* 48 Wn. (2d) 545, 295 P. (2d) 324 (1956), is cited in support of this contention.

In the *Olsen* case, *supra,* by a majority of five judges to four, we held that RCW 9.41.160 (being a part of the Uniform Firearms Act) purported to vest prosecuting officials with the discretion to charge violations of the act either as a gross misdemeanor or as a felony, and that it was violative of Art. I, § 12, of the state constitution and the equal protection clause of the fourteenth amendment to the federal constitution, in that the statute, in effect, prescribed different punishments or different degrees of punishment for the same act committed under the same circumstances by persons in like situations.

RCW 9.41.160, the statute held unconstitutional in the *Olsen* case, *supra,* was quoted therein as follows:

" 'A violation of any preceding provisions of this chapter is punishable by a fine of not more than five hundred dollars or imprisonment in the county jail for not more than one year or both, *or* by imprisonment in the penitentiary for not less than one year nor more than ten years.' "

The penalty provision of RCW 46.56.040, the statute involved in the case at bar, reads:

" . . .

"Any person convicted of negligent homicide by means of a motor vehicle shall be punished by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment."

In the *Olsen* case, *supra,* we cited various statutes (including RCW 46.56.040) as examples of enactments which prescribed alternative *penitentiary* or *county jail* imprisonment as punishments, and we stated that, as a general rule, such statutes were not taken out of the felony classification simply because they provided for a fine or a county jail sentence as an alternative punishment. We then proceeded to distinguish RCW 9.41.160 from RCW 46.56.040 and the other "alternative punishment" statutes in the following manner:

"In our view, however, the penalty statutes to which reference has just been made are substantially different in form and structure from the penalty section of the uniform firearms act (RCW 9.41.160). In the latter section, unlike the others, the provisions for a fine or county jail sentence are linked together with the words 'or both,' after which, and separated by another conjunctive 'or,' the provision for penitentiary punishment is set out. This seems to be a pretty clear indication that the legislature thereby intended to vest in prosecuting officials the discretion to charge as for either a gross misdemeanor or a felony."

Upon a re-examination of RCW 46.56.040 and the majority opinion in the *Olsen* case, we are of the opinion that the distinction made in the above-quoted paragraph between the negligent homicide statute and RCW 9.41.160 is valid. We, therefore, adopt the quoted language in the *Olsen* case as the basis for distinguishing the majority decision in that case from the case at bar. We hold that RCW 46.56.040 is not unconstitutional on the ground asserted by appellant here.

Since we find no merit in any of appellant's assignments of error, the judgment and sentence of the trial court is, in all respects, hereby affirmed.

WEAVER, C. J., MALLERY, FINLEY, ROSELLINI, OTT, FOSTER, and HUNTER, JJ., concur.

HILL, J. (concurring specially)—I concur in the result. I dissented in *In re Olsen v. Delmore* (1956), 48 Wn. (2d) 545, 295 P. (2d) 324, and adhere to the views therein expressed.