**UNITED STATES of America, Appellee,**

v.

**Bennie Lee WILLIAMS, Appellant.**

No. 75–1759.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 23, 1976.

Decided Feb. 4, 1976.

Certiorari Denied June 1, 1976. See 96 S.Ct. 2232.

558

John R. Wylde, Jr., St. Paul, Minn., for appellant.

Robert G. Renner, U. S. Atty. and Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Bennie Lee Williams (also referred to as Benny Lee Williams) was convicted by a jury of violating 21 U.S.C. § 841(a)(1) by distributing 1.5 grams of heroin. He was sentenced to one year in prison and a three-year special parole term, and now appeals. The only question presented on appeal is whether the trial court erred in admitting certain statements made by appellant's alleged accomplice, Henry Cannady. We affirm the conviction.

The Government's evidence, excluding the statements complained of, was as follows. On May 20, 1975, agent Michael Campion, an undercover agent of the Minnesota Bureau of Narcotics, accompanied by James Hessel (another agent), Jerome Ellison, and Henry Cannady, drove to an intersection in Minneapolis, Minnesota. Cannady, who was in the back seat of the car with Ellison, left the car and walked a short distance down the street. When he returned, he was accompanied by a man whom agent Campion identified as appellant. Both Cannady and appellant got into the back seat of the car. Appellant handed agent Hessel a package, which was later found to contain heroin. Hessel handed the package to Campion. Cannady and appellant then left and walked down the street, talking. Cannady returned to the car, and the four men drove away.

Agent Hessel corroborated Campion's testimony. He added that, after appellant entered the car, Campion said, " 'Do you have the stuff or do you have the heroin,' something to this effect." In response to this question, the appellant nodded.

The agents were allowed to testify to three statements by Cannady, which, according to appellant, constituted inadmissible hearsay. First, agent Hessel testified that, while the four men were going to the intersection, they talked about the suspected heroin and "Mr. Cannady wanted to know if we would front him the money for the heroin." Second, both agents testified that, after appellant and Cannady entered the car, Cannady "said it was good stuff." Finally, at the same time, Cannady referred to appellant as "his old partner."

■ A statement by a coconspirator of a party, made during the course of and in furtherance of the conspiracy, is not hearsay. It is, rather, admissible as the admission of a party-opponent. Federal Rules of Evidence 801(d)(2)(E).[1] The statements here fall within this rule. All were made in the course of and in furtherance of a conspiracy to distribute heroin.

■ Statements of a coconspirator are admissible where the prosecutor produces "substantial, independent evidence of the conspiracy, at least enough to take the question to the jury." *United States v. Nixon,* 418 U.S. 683, 701, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974); *United States v. Frol,* 518 F.2d 1134, 1136 (8th Cir. 1975); *see also United States v. Rich,* 518 F.2d 980 (8th Cir. 1975).

■ As we observed in *United States v. Kelley,* 526 F.2d 615 (8th Cir. 1975), the Government may produce independent evidence of the conspiracy prior to introducing defendant's out-of-court statements or such out-of-court statements may be admitted conditionally, at the trial judge's discretion, subject to the prosecution establishing in its later presentation a proper basis for admitting the questioned evidence.

■ Cannady left the car and returned with appellant. Appellant nodded when asked if he had the heroin and then handed it to Hessel.[2] Cannady and appellant then left the car and walked down the street together, talking. From these facts, the inference that Cannady and appellant were engaged in a conspiracy to distribute the heroin is unmistakable. Cannady's statements in furtherance of the conspiracy—his discussion of "front money," his reference to appellant as his old partner, and his statement

that the heroin was "good stuff"—were thus admissible as declarations by a coconspirator during and in furtherance of a conspiracy. The trial court did not err in failing to exclude them.

Affirmed.

---

1. This is true regardless of whether a conspiracy is charged in the indictment. *United States v. Frol,* 518 F.2d 1134, 1136 (8th Cir. 1975).

2. Appellant testified at trial and stated that he did not know what was happening and that the heroin was delivered by Cannady rather than by himself. For the purpose of this inquiry, *i. e.,* determining whether there was ample independent evidence to support a finding *of* conspiracy, we may accept as true the agent's version that the heroin was delivered by appellant.