Huie E. KRANA, Appellant,

v.

UNITED STATES, Appellee.

No. 76–1621.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1976.

Decided Dec. 17, 1976.

J. Patrick Ryan, Sioux City, Iowa, filed brief for appellant.

Allen L. Donielson (former U. S. Atty.), George H. Perry, U. S. Atty., and Paul A. Zoss, Jr., Asst. U. S. Atty., Des Moines, Iowa, filed brief for appellee.

Before HEANEY and ROSS, Circuit Judges, and VAN PELT, Senior United States District Judge.*

PER CURIAM.

Huie Krana appeals from his conviction of selling stolen property worth more than

* Robert Van Pelt, Senior United States District Judge, District of Nebraska, sitting by designation.

$5,000 knowing the same to be stolen, and conspiring to do so in violation of 18 U.S.C. §§ 2315 and 371. We affirm.

No useful purpose would be served in reciting the evidence in detail. The evidence shows that defendant Krana and his confederates sold a substantial quantity of stolen farm chemicals on two separate occasions in April and May 1976. It is not disputed that the farm chemicals moved in interstate commerce. The government's case was principally based on the testimony of the defendant's former brother-in-law, Robert Baclet, who was jointly indicted with Krana. After pleading guilty, Baclet turned government's witness and directly implicated Krana in the scheme to sell the stolen farm chemicals. The defendant was also implicated in the scheme by Francis Muhr, an Iowa farmer, who purchased a substantial quantity of the stolen farm chemicals involved in this case. Muhr also pleaded guilty to charges arising out of this transaction.

The defendant first argues that the trial court erred in admitting certain testimony of the coconspirators Baclet and Muhr. Krana contends that Baclet and Muhr were improperly allowed to relate extrajudicial statements of other confederates in the scheme *before* the government established by independent evidence that these confederates were in fact involved in the conspiracy or concert of action. The defendant does not claim that the government failed to establish by independent evidence that the declarants were involved in the illicit plan. His contention relates only to the order of proof.

We have repeatedly held that in cases such as this, "[t]he order of proof is within the discretion of the trial judge." *United States v. Kelley,* 526 F.2d 615, 618 (8th Cir. 1975), *cert. denied,* 424 U.S. 971, 96 S.Ct. 1471, 47 L.Ed.2d 739 (1976); *see also United States v. Williams,* 529 F.2d 557, 559 (8th Cir. 1976), *cert. denied,* 426 U.S. 908, 96 S.Ct. 2232, 48 L.Ed.2d 834 (1976). The statements may be conditionally admitted, as they were in this case, subject to being "connected up" by subsequent independent proof of the conspiracy or concert of action. *United States v. Kelley, supra,* 526 F.2d at 618. We have reviewed the record and find no abuse of discretion in permitting the government to proceed in this manner.

The defendant also argues the trial court erred in allowing the government to amend a clerical error contained in Count I of the indictment. Count I alleges that the crime took place in May 1975. The government's evidence shows that the crime occurred in May 1976.

We stated the applicable rule in *United States v. Joyner,* 539 F.2d 1162, 1164 (8th Cir. 1976):

* * * [A]s a general rule a variance between the date in the indictment and the proof is not fatal if the proof shows that the acts charged were committed on a date within the statute of limitations and prior to the return date of the indictment, as long as the date was not a material element of the crime charged.

These requirements were fully satisfied here.

Furthermore, the defendant has neither alleged nor shown how he was prejudiced by the amendment. His counsel was aware of the nature and scope of the government's evidence. Indeed, Count II of the indictment contained the correct date. Thus the defendant is in no position to claim that he was misled or unfairly surprised by the amendment.

The judgment of conviction is affirmed.