[No. 6082-9-III. Division Three. August 2, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM F. KOCH, *Petitioner.*

*Brian B. Kennedy,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *Ronald W. Skibbie, Deputy,* for respondent.

McInturff, J.—When is a felony action commenced for purposes of the statute of limitation?

On May 9, 1983, a criminal complaint was filed in Spokane County District Court charging William Koch with first degree possession of stolen property on or about May 13, 1980. RCW 9A.56.150. A warrant was issued and Mr. Koch was arrested on May 10, 1983.

The information was not filed until June 3, 1983, more than 3 years after the alleged offense. Mr. Koch moved to dismiss, contending the action was barred by the statute of limitation and that the information was void because it failed to state limitation tolling factors. The motion to dismiss was denied and this court granted discretionary review. RAP 2.3(b). We affirm.

Mr. Koch was charged with a class B felony. RCW 9A.56.150(2). This offense is subject to a 3–year limitation period. Specifically, RCW 9A.04.080 provides:

> Prosecutions . . . may be *commenced* . . . for all other offenses the punishment of which may be imprisonment

in a state correctional institution . . . within three years after their commission;

(Italics ours.) The key question is what is meant by the word "commenced"? Specifically, is a felony action commenced when a complaint is filed in district court or when an information is filed in superior court?

 Mr. Koch contends the action was not commenced until the information was filed in superior court because the district court does not have jurisdiction to try a felony. Const. art. 4, § 6. However, jurisdiction is not the question. The statute of limitation requires only that an action be *commenced* within 3 years; it does not require a felony information be filed within 3 years.

> In this state, criminal charges may be commenced against a defendant by one of four different procedures: (1) filing of an information by the prosecutor in superior court (*see* Const. art. 1, § 25, and RCW 10.37.026); (2) grand jury indictment (*see* RCW 10.28); (3) inquest proceedings (*see* RCW 36.24); and (4) filing of a criminal complaint before a magistrate (*see* RCW 10.16).

*State v. Jefferson,* 79 Wn.2d 345, 347, 485 P.2d 77 (1971); *see also State v. Crowell,* 92 Wn.2d 143, 594 P.2d 905 (1979). Here, a criminal complaint was filed within the 3–year limitation period. Under *Jefferson,* this filing commenced the action.

A similar result was reached in *State v. Erving,* 19 Wash. 435, 53 P. 717 (1898), which held prosecution was commenced after arrest and preliminary examination before a justice of the peace. The statute of limitation has been amended several times since *Erving. See* Laws of 1937, ch. 12, § 1, p. 22; Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.04-.080, p. 823; Laws of 1981, ch. 203, § 1, p. 901; Laws of 1982, ch. 129, § 1, p. 559. However, every version has continued to use the phrase "may be commenced". Where a statute has been construed by the highest court and reenacted in the same form, it is assumed the Legislature incorporated the judicial interpretation, absent compelling reason to believe otherwise. *McKinney v. Estate of McDonald,* 71

Wn.2d 262, 427 P.2d 974 (1967). Under *Erving,* it is not necessary to file an information to commence a felony action.

Mr. Koch contends his interpretation of the statute is required by the rule that criminal statutes be strictly construed against the State. *State v. Stockton,* 97 Wn.2d 528, 647 P.2d 21 (1982). However, the rule of strict construction does not require a forced, narrow or overstrict interpretation of a statute. *State v. Carter,* 89 Wn.2d 236, 242, 570 P.2d 1218 (1977). Mr. Koch's interpretation unduly restricts the meaning of the word commenced to filing an information. We conclude that if the Legislature had intended to require filing of the information within the limitation period, it would have so provided.

Other states have reached a result similar to ours. In *State v. Cordova,* 38 Conn. Supp. 377, 448 A.2d 848 (1982), the court found that when an arrest warrant is used to charge an offense, mere issuance of the warrant commences the proceeding. In *State v. Mars,* 39 Md. App. 436, 386 A.2d 1234 (1978), the court held that issuance of an arrest warrant stops the running of the statute of limitation. In *State v. Hemminger,* 210 Kan. 587, 502 P.2d 791 (1972), the court found a felony prosecution commenced by the filing of a verified complaint and issuance of a warrant in good faith. In *State v. Martinez,* 92 N.M. 291, 587 P.2d 438 (Ct. App. 1978), *appeal after remand,* 95 N.M. 795, 626 P.2d 1292 (1979), the court stated a felony prosecution may be commenced by filing a complaint. In 1 R. Anderson, *Wharton on Criminal Law* § 184 (1957), it is said at pages 425–27:

Statutes of limitation are suspended when proceedings are begun or brought against the defendant, but the statutes differ as to what action is to be taken against the defendant. The statutes may be classified in three groups: (1) statutes which provide that an indictment must be found and returned within a specified time after the commission of the offense charged; (2) *statutes which do not refer to the time of the finding of an indictment or the filing of information, but merely provide that*

*prosecutions must be commenced within a specified time*; and (3) statutes which provide that if an indictment is quashed, set aside, dismissed, or otherwise fails, and a new indictment is found or a new information is filed, the time elapsing between the return or filing of the two indictments or informations, respectively, shall not be counted as part of the period of limitation; or that a new indictment may be found and returned or a new information filed within a specified time after the first indictment or information is quashed, or otherwise disposed of.

Under statutes which merely require an indictment or information to be found or filed within a specified time after the commission of an offense, the finding of an indictment and its return by the grand jury or the filing of an information within the specified time prevents a bar of the prosecution. Sometimes the first step taken against the defendant is a preliminary proceeding, and when such is the case the prosecution is commenced, within the scope of a class (2) statute, at the time a complaint is laid before a magistrate and a warrant of arrest issued, if the defendant is not already in custody. On the other hand, action by the grand jury or the filing of an information is sometimes the first step in a criminal case, and in that event the prosecution is commenced by the finding and return of the indictment, or the filing of the information, and the running of the statute is thereby stopped.

(Footnotes omitted. Italics ours.) *See also* 22 C.J.S. *Criminal Law* § 234 (1961); 21 Am. Jur. 2d *Criminal Law* §§ 230, 410 (1981).

Our statute of limitation is of the second type; it does not require a specific action to commence a prosecution. Instead, it uses a general term which we construe in a general manner. We find the action is not barred by the statute of limitation.

█ Even if the action was timely, Mr. Koch contends the charge must be dismissed because the information failed to allege factors tolling the statute of limitation, *i.e.,* the time spent in district court. He argues the information is void if it does not allege tolling factors, citing RCW 10.37.050(5) and *State v. Glover,* 25 Wn. App. 58, 604 P.2d

1015 (1979). We addressed a similar contention in *State v. Ansell*, 36 Wn. App. 492, 675 P.2d 614, *review denied,* 101 Wn.2d 1006 (1984). There, the statute of limitation had been tolled during defendant's absence from the state (*see* RCW 9A.04.080) but the information failed to allege this fact. We noted the information could be amended if substantial rights of the defendant were not prejudiced. CrR 2.1(d). Since Mr. Ansell was on notice of the tolling factors, we found the information could be amended without prejudice.

We reach the same conclusion here. The complaint was filed and Mr. Koch was arrested prior to the expiration of the 3–year period. He was certainly aware a criminal proceeding was commenced. He will not be prejudiced if the information is amended to include these facts.

The Superior Court's denial of Mr. Koch's motion to dismiss is affirmed.

MUNSON, C.J., and GREEN, J., concur.