[No. 14721-8-I.   Division One.   May 6, 1985.]

THE STATE OF WASHINGTON, *Appellant,* v. ROBERT MICHAEL FISCHER, *Respondent.*

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine, Deputy,* for appellant.

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for respondent.

COLEMAN, J.—The State appeals from a pretrial order dismissing an information charging Robert Michael Fischer with forgery. The information was filed by the Snohomish County Prosecutor's Office on February 3, 1984. On the same day, the State filed an affidavit of probable cause in

support of the information. The affidavit stated that on February 14, 1981, Fischer presented a check in the amount of $9,303.88, not made payable to Fischer but endorsed by the payee. Fischer told a car salesman that the payee had signed the check over to him as compensation for some items he had sold to her; however, the payee denied Fischer's explanation of how he had received the check. The information gave the date of the alleged offense as January 14, 1981, rather than the date of February 14, 1981, as indicated in the affidavit.

On March 19, 1984, Fischer moved to dismiss the information as barred by the statute of limitation. RCW 9A.04-.080; RCW 10.37.050(5). RCW 9A.04.080 requires that prosecution for the class of felonies including forgery must be commenced within 3 years after the date of commission. RCW 10.37.050(5) provides that the information is sufficient if it can be understood to show that the alleged crime was committed before the information was filed and within the statute of limitation. In response to Fischer's motion to dismiss, the State sought permission to file an amended information changing the date of the alleged offense in the original information to February 14, 1981. On May 4, 1984, the court found that the amendment was not proper and dismissed the information. The court's written order was entered on the same day, stating in pertinent part:

> IT IS HEREBY ORDERED that this information and case is dismissed and it is Further Ordered that the State['']s motion to Amend the information is denied and the State['']s motion for leave to re–file the information is denied.

This appeal followed. We reverse the dismissal and remand for further proceedings.

The State's assignments of error assert that the trial court erred in dismissing the information, in denying the State's motion to amend the information, and in denying the State's motion for leave to refile the information. In reply, Fischer first argues that the State waived its right to appellate review by failing to assign error to the portion of

the trial court's order in which it dismissed the case. We disagree.

The State's assignments of error and its notice of appeal clearly apprise us that it is appealing from the entire order entered on May 4, 1984. The order itself provides: "this information and case is dismissed . . ." The words "information" and "case" are synonymous for the purposes of the dismissal. Dismissing the information is equivalent to dismissing the case because when the information is dismissed, nothing remains and the prosecution is effectively ended.

Fischer's reliance on *State v. Pam,* 101 Wn.2d 507, 510–11, 680 P.2d 762 (1984) and *State v. Fortun,* 94 Wn.2d 754, 756–57, 626 P.2d 504 (1980) is misplaced as those cases are distinguishable. In *Fortun,* the State appealed from a pretrial order suppressing evidence, but never appealed or assigned error to the order dismissing the charge. Even if the suppression order was overturned in the State's favor and the evidence admitted, the order dismissing the case would still stand. Since the underlying case was dismissed, the court concluded that no existing charge remained to which a reversal of the pretrial suppression order could apply. *Fortun,* at 757. In *Pam,* at pages 510–11, the State appealed the dismissal of two out of three counts of an information, but did not assign error to the dismissal of the information. Relying on *Fortun,* the court found that the State had waived any claimed error by not appealing the underlying order which in effect dismissed all counts. In this case, however, the State has correctly appealed the underlying order dismissing the information, which also dismisses the case.

The crucial issue in this appeal is whether the State may be permitted to amend the information to set forth facts bringing the alleged offense within the applicable statute of limitation. Fischer contends that the State has not shown that the trial court abused its discretion in denying the State's motion to amend the information or in dismissing the information. The trial court expressed its reluctance to

dismiss the information, but felt it had no alternative in light of the holding in *State v. Glover,* 25 Wn. App. 58, 604 P.2d 1015 (1979). The trial judge explained:

I would find that the original Information was void on its face because it stated a crime occurring more than three years prior to the filing of that Information. And then the second Information was sought to be filed and at the time of filing, it would have been beyond the statute of limitations; and the only way to cure that is to relate it back. But the case law says you can't do that.

*Glover* related to an attempt to amend an original information that itself was filed after the statute of limitation had run. The original information charged the defendant with a gross misdemeanor, while the amended information charged him with a felony. The statute of limitation then in effect was 3 years for felony charges but only 1 year for all misdemeanors. *Glover,* at 60. The State attempted to save the amended information (charging the felony) from dismissal by arguing that it related back to the time the original information (charging the misdemeanor) was filed. If the second information did relate back, it would not be barred by the statute of limitation for the felony charge. The court rejected this proposal because the original information charging a gross misdemeanor was filed beyond the statute of limitation for misdemeanor offenses and the second information broadened the original charge to a felony.

█ A criminal statute of limitation is jurisdictional. When the information charges an offense which occurred beyond the statute of limitation, there is nothing to which an amendment can "relate back". *Glover,* at 61. However, an information which appears on its face to be barred by the statute of limitation fails to state a public offense only in the sense that if not amended, it will be subject to being set aside. *People v. Crosby,* 58 Cal. 2d 713, 375 P.2d 839, 25 Cal. Rptr. 847, 853 (1962). An information may be amended if substantial rights of the defendant are not prejudiced by the amendment. CrR 2.1(d). When a defendant is on notice of facts which would bring a charge within the statute of

limitation, an information may be amended without prejudice. *State v. Koch,* 38 Wn. App. 457, 461–62, 685 P.2d 656 (1984); *State v. Ansell,* 36 Wn. App. 492, 496, 675 P.2d 614, *review denied,* 101 Wn.2d 1006 (1984). In circumstances where an amendment to the information is proper, the burden is upon the defendant to show that he will be prejudiced by the amendment. *State v. Gosser,* 33 Wn. App. 428, 434–35, 656 P.2d 514 (1982). Fischer has submitted absolutely no evidence of prejudice, and he has not argued that he would suffer prejudice from the amendment proposed here.

The date of the offense is normally a matter of form, not substance, and usually is not a material element of the offense; therefore, amendment of a date is permitted in most instances. *See, e.g., United States v. Nicosia,* 638 F.2d 970, 976 (7th Cir. 1980) (District Court's correction of typographical error in the date of a fact in the information was immaterial to the charge and defendant did not show prejudice; court's correction was not error), *cert. denied,* 452 U.S. 961 (1981); *United States v. Johnson,* 576 F.2d 1331, 1332 (8th Cir. 1978) (variance between date of allegation in pleading and in proof was not fatal; proof showed that acts charged were committed within statute of limitation; date was not a material element; and defendant showed no facts demonstrating prejudice); *Mills v. State,* 12 Md. App. 449, 461, 279 A.2d 473, 482 (1971) ("Normally, an amendment as to the date of an offense is a matter of form and not substance. . . . Merely raising a statute of limitations argument is insufficient to make the date a matter of substance."), *cert. denied,* 406 U.S. 967 (1972).

In *Krana v. United States,* 546 F.2d 785 (8th Cir. 1976), the court permitted the government to amend a clerical error in the date of the offense in one count of the indictment when the defendant showed no prejudice, his counsel was aware of the nature and scope of the government's evidence, and the second count of the information contained the correct date. *Krana,* at 786. In the present case, the State had facts to justify its properly attempted amend-

ment; the defendant was aware of these facts, as the affidavit alleged a date within the statute of limitation; and the amendment did not change the offense or alter a material element. Under these circumstances, in the absence of prejudice to the defendant, an amendment is not barred. Therefore, we conclude that the trial court erred in finding that it was compelled by *Glover* to grant the motion to dismiss the information.[1]

Fischer also contends that the State invited error by seeking the court's permission to refile the information when such permission is not required. The trial court's interpretation of *Glover* would have prevented a refiling of the information. Under the circumstances of this case, it is quite understandable that a party would inquire and the court would encompass within its ruling a bar to any further proceeding on the allegations in the information. The doctrine of invited error was not intended to apply in a situation such as the one presented here. The State is not requesting some affirmative action from the trial court, and then, after having been afforded that action, complaining on appeal that it constituted error. *See, e.g., State v. Pam,* 101 Wn.2d 507, 511, 680 P.2d 762 (1984); *accord, State v. Boyer,* 91 Wn.2d 342, 345, 588 P.2d 1151 (1979); *State v. Lewis,* 15 Wn. App. 172, 177, 548 P.2d 587 (1976). We hold that the State did not invite error and is not barred from proceeding with this appeal.

It is clear that the trial court would have allowed the amendment but for its understanding of the *Glover* holding. For the reasons we have expressed, the order of dismissal is vacated and the cause remanded to the trial court

---

[1]In fairness to the trial judge, *State v. Glover,* 25 Wn. App. 58, 61–62, 604 P.2d 1015 (1979) contains language which appears to extend beyond the facts of the case so as to imply that any information alleging a date outside the statute of limitation is void on its face and not subject to amendment. This interpretation is inconsistent with the approach taken by other jurisdictions, as our analysis indicates, and is not in our view the result intended by the *Glover* court. In any event, the language is dicta, and we choose to limit *Glover* strictly to its facts.

with instructions to permit the amendment. Under CR 15(c), the amendment will relate back to the date the original information was filed. *State v. Eppens,* 30 Wn. App. 119, 123, 633 P.2d 92 (1981). Thus, under our analysis, it is unnecessary to determine if the State should be permitted to file a new information.

Finally, we address Fischer's contention that state and federal constitutional guaranties against double jeopardy prohibit further prosecution of this case. Under RAP 2.2(b)(1), the State may appeal from a decision which "discontinues, or determines the case other than by a judgment or verdict of not guilty, including but not limited to a decision setting aside, quashing, or dismissing an . . . information." RAP 2.2(b) states that the State may appeal "only if the appeal will not place the defendant in double jeopardy . . ."

When the court's dismissal does not involve weighing the evidence and is unrelated to the defendant's guilt or innocence (as revealed by the facts), then double jeopardy does not preclude the State from appealing the dismissal. *Forks v. Fletcher,* 33 Wn. App. 104, 106, 652 P.2d 16 (1982) (citing *United States v. Scott,* 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978)).

Respondent apparently believes that the trial court resolved the variance between a fact in the information and one in the affidavit of probable cause and that this supposed factual finding prohibits retrial. However, nowhere in the record does the court make or even imply a finding as to the date of the offense, or any other factual finding. The dismissal is based on a legal conclusion regarding jurisdiction, drawn from the court's reading of *State v. Glover, supra.* Where the dismissal of an action was for lack of jurisdiction, the State has a right of appeal, *Forks,* at 107 (citing *State v. Buckman,* 51 Wn.2d 827, 322 P.2d 881 (1958)), and double jeopardy is not an issue.

The order of the trial court dismissing the information is reversed, and the matter is remanded to the trial court for

514

further proceedings consistent with this opinion.

CORBETT, C.J., and SWANSON, J., concur.

Review denied by Supreme Court July 26, 1985.